IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. PJM-23-061 |
| STEPHEN KENNEDY | * |

\* \* \* \* \*

## MOTION TO SUPPRESS DNA EVIDENCE

Comes now the Defendant, Stephen Kennedy, by and through undersigned counsel, to suppress the DNA evidence of Mr. Kennedy, which was obtained by law enforcement pursuant to a search warrant. In. support of his request, offers the following information:

### FACTS

Stephen Kennedy is charged in nine counts of a ten-count indictment with conspiring to commit arson, arson affecting interstate commerce, interference with commerce by robbery, possession of a firearm in furtherance of a crime of violence and being a felon in possession of a firearm. From January 2021 until January 2022, a series of arson(s) were committed at 7-11 convenience stores in Maryland, Virginia, and the District of Columbia. Law enforcement collected evidentiary items of interest from each arson location, including but not limited to bottles, pieces of plastic and cloth to perform forensic tests. On January 7, 2022, a search warrant for Mr. Kennedy's DNA was authorized by a judge in the Circuit Court for St. Mary's County Maryland. The affiant of the warrant provided the details of the ongoing investigation in the affidavit section of the warrant. According to the warrant, Mr. Kennedy was developed as a suspect, in part, because certain motor vehicles registered to him were seen on surveillance video (and otherwise) near certain arson locations, and certain items recovered from a vehicle matched what Mr. Kennedy recently purchased from a hardware store.

**LEGAL**

In <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983), described probable cause to search as a "fair probability that contraband or evidence of a crime will be found in a particular place." The Fourth Circuit has held that there must be a sufficient nexus between the criminal conduct, the items to be seized, and the place to be searched.[1] In <u>United States v. Lalor</u>, 996 F.2d 1578 (4th Cir. 1993), the Court found that there was an insufficient nexus between drug activity and the defendant's residence, but nonetheless upheld the admissibility of the evidence because of the "Good Faith" rule established by the Supreme Court in <u>United States v. Leon</u>, 468 U.S. 897 (1984).

**ANALYSIS**

In the instant case, the warrant provides no information that can establish that Mr. Kennedy was present or participated in any of the convenience store arson(s). Although the warrant states that certain motor vehicles registered to Mr. Kennedy appear in surveillance videos when some of the arson(s) occurred, this fact alone does not establish a nexus between Mr. Kennedy himself, and the items collected by the police in and around the arson locations. Put another way, there is no identification of Mr. Kennedy by any convenience store employee, or any other eyewitness at or near the scene, the videos from the store surveillance do not show Mr. Kennedy's face, or a specific item of clothing unique to him. In short, the warrant doesn't provide enough information to establish probable cause that his DNA would be located on any of items recovered from the store by investigators.

The government will likely argue that probable cause can be established because items recovered from a crashed car, including bolt cutter and other industrial equipment, involved

---

[1] See <u>United States v. Anderson</u>, 851 F.2d 727 (4th Cir. 1988).

match items allegedly purchased by Mr. Kennedy earlier that same day.  Assuming arguendo, that these items found in the car were purchased by Mr. Kennedy, there is no evidence that he was present in the car at the time it crashed, or that the items were intended to be used to commit any crime at the convenience store.  In short, because the warrant does not establish a nexus between the criminal conduct (*i.e. arson) and Mr. Kennedy (*i.e. his person) the State Court judge should not have authorized a warrant for the collection of Mr. Kennedy's DNA.

## CONCLUSION

The DNA evidence obtained from Mr. Kennedy must be suppressed.  The warrant does establish a sufficient nexus between Mr. Kennedy and the criminal activity (arson).  Mr. Kennedy respectfully requests that this Court issue an order that prohibits the prosecution from using any DNA evidence against Mr. Kennedy in its case in chief.

Respectfully submitted,

_Alfred Guillaume_
ALFRED GUILLAUME III, #30117
Law Offices of Alfred Guillaume III, LLC
1350 Connecticut Ave. NW, Suite 308
Phone: (202-321-0549)
Fax:    (301-812-4254)
Email:  ag3law@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, a copy of Defendant's Motion, was electronically filed in this case to all parties of record.

_Alfred Guillaume_
Alfred Guillaume III, #30017